UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                    CASE NO: 2:15-cr-95-FtM-38MRM

ALLAN GARCIA-ENRIQUEZ

---

### ORDER[1]

This matter comes before the Court on the Defendant, Allan Garcia-Enriquez's Motion to Vacate ([Doc. #17](#)) filed on August 6, 2015.  The United States of America (Government) filed its Response in Opposition ([Doc. #24](#)) on August 21, 2014.  The Motion is fully briefed and ripe for the Court's consideration.

### BACKGROUND

The Defendant was born in Honduras on July 31, 1981, and is a citizen of that country.  The Defendant has resided in the United States since approximately 2001.  The Defendant lives with his mother, Olga Enriquez, his step-father, an older brother, and a younger sister in a rental apartment in Bonita Springs, Florida.  Defendant's mother is a lawfully permanent resident of the United States and his younger sister is a citizen of the United States.  His mother and step-father are gainfully employed but no evidence was presented at the detention hearing that the Defendant is gainfully employed, although

---

[1]     Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

2:15-cr-00095-SPC-MRM   Document 26   Filed 09/02/15   Page 2 of 8 PageID 124

Counsel stated that he works construction through friends.   The Defendant was deported

and removed from the United States on or about September 19, 2008.

Pursuant to the Criminal Complaint issued by the Government on July 27, 2015,

the Defendant was arrested and taken into custody on or about July 27, 2014. (Doc. #1).

On August 5, 2015, a Grand Jury found probable cause to indict the Defendant on one

count of illegal reentry of a deported alien.   The Indictment reads in pertinent part:

> on or about July 20, 2015, in Collier County, in the Middle
> District of Florida, ALLAN GARCIA-ENRIQUEZ a/k/a Marco
> Henriques, defendant herein, being an alien of the United
> States who previously had been convicted of an aggravated
> felony offense to wit: Battery on a law enforcement officer,
> Florida Statute § 784.07(2B), and Resisting An Officer With
> Violence, Florida Statute § 843.01, Twentieth Judicial Circuit,
> Collier County, Florida, Case number 2003-CF-002339A on
> October 24, 2003; and Battery on a law enforcement officer,
> Florida Statute § 784.07(2B), Twentieth Judicial Circuit, Lee
> County, Florida, Case number 04-CF-001623 on December
> 9, 2005, and subsequently deported and removed from the
> United States on or about September 19, 2008, pursuant to
> law, knowingly and unlawfully was found in the United States
> without first having obtained the express consent of the
> Attorney General of the United States or his successor, the
> Secretary of the Department of Homeland Security (Title 6,
> United States Code, Sections 202(3), (4) and 557), to reapply
> for admission into the United States. In violation of Title 8,
> United States Code, Section 1326(a) and (b)(2).

(Doc. 14). A detention hearing was held before the Honorable United States Magistrate

Judge, Mac R. McCoy, on July 30, 2015.   Judge McCoy ordered the Defendant detained.

In his decision to detain the Defendant, Judge McCoy found that there were no

conditions or combination of conditions of release that would reasonably assure the

appearance of the Defendant as required or secure the safety of other persons and the

community.  As grounds for his determination, Judge McCoy noted that the potential term

of imprisonment was substantial and that the substantial amount of imprisonment made

the Defendant a risk of flight.   Judge McCoy also noted that the Defendant had an extensive criminal record including a history of posing a danger to law enforcement, multiple probation violations and multiple warrants being issued for same.

Judge McCoy found the Defendant lacked financial ties to the community.   As grounds, the Court noted that the Defendant is not employed and is not employable based upon his immigration status.   Defendant stated that he worked construction jobs offered by friends to earn income.   However, no evidence of a stable income was presented to the Court at the detention hearing.

The Defendant's mother offered to serve as a third-party custodian and co-sign a bond to secure Defendant's release.   After she made her statements at the detention hearing, Judge McCoy held that she would not be a suitable third-party custodian to ensure the Defendant's appearance at future court proceedings.

The Defendant is also subject to an ICE detention administrative hold.

## STANDARD OF REVIEW

When requested, the district court must promptly undertake an evaluation of the propriety of a magistrate judge's pre-trial detention order. U.S. v. Arevalo, 2013 WL 625041, *2 (M.D. Fla. February 19, 2013) (citing U.S. v. King, 849 F.2d 485 (11th Cir.1988)). A district court reviews de novo a magistrate judge's pre-trial release order. U.S. v. Megahed, 519 F.Supp.2d 1236, 1241–1242 (M.D.Fla.2007) (citing U.S. v. Hurtado, 779 F.2d 1467, 1481 (11th Cir.1985)). Review by the district court contemplates an "independent consideration of all facts properly before it," Megahed, 519 F.Supp.2d at 1241 (citing U.S. v. Gaviria, 828 F.2d 667, 670 (11th Cir.1987) (citing Hurtado, 779 F.2d at 1480–81)). If the district court concludes after a careful review the magistrate judge's

findings of facts based on both the parties' papers and the evidence presented at the detention hearing, and the magistrate judge correctly applied the law, "[t]he court may then explicitly adopt the magistrate's pre-trial [release] order." U.S. v. King, 849 F.2d 485, 490 (11th Cir.1988). However, if necessary to the resolution of an essential issue of fact, the district court may marshal further evidence by convening a hearing. Megahed, 519 F. Supp.2d at 1242.

The policy underlying the Bail Reform Act "is to permit release under the least restrictive condition compatible with assuring the future appearance of the defendant." U.S. v. Price, 773 F.2d 1526, 1527 (11th Cir.1985) (per curiam). When the United States seeks to detain a criminal defendant pending trial based on his status as a flight risk, it must prove by a preponderance of the evidence that no condition or set of conditions will reasonably assure his presence at trial. U.S. v. Ramos, 2014 WL 1515264, *1 (S.D.Fla. April 7, 2014) (citing U.S. v. Medina, 775 F.2d 1398, 1402 (11th Cir.1985)). By contrast, where the Government seeks to detain a defendant based on a contention that he is a danger to the community, it must show by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. Id.

Pursuant to 18 U.S.C. § 3142(g), there are several factors the Court shall consider in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and secure the safety of the community. Those factors to be considered are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of *section 1591,* a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including-

(a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(b) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c) (1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

The Court will review the factors to determine the Defendant's risk of flight under the preponderance of the evidence standard and how they impact the Government's Motion for revocation of the Magistrate Judge's Order releasing the Defendant.

U.S. v. Alverez-Lopez, WL 2563646, *2-3 (M.D. Fla. June 6, 2014).

## DISCUSSION

The Defendant moves the Court to reverse the decision of the Magistrate Judge detaining the Defendant pending trial.  The Government argues the Defendant is a risk of flight and a danger to the community as outlined in the Bail Reform Act 18 U.S.C. § 3142. The Court will review the factors to determine the propriety of Judge McCoy's pre-trial detention order.

In this particular instance, the Court will not simply rely on the record before the Magistrate Judge, but will conduct a *de novo* review of the matter by reviewing the entire docket, the papers filed by the parties, and the transcript of the evidentiary hearing held at 2:00pm on July 30, 2015.

As to the nature and circumstances of the offense charged, the Defendant was indicted on August 5, 2015, on charges of illegal reentry into the United States. The offense is not a crime of violence, a violation of 21 U.S.C. § 951, a Federal crime of terrorism, nor does it involve a minor victim or a controlled substance, firearm, explosive, or destructive device.

Reviewing the factors as they relate to the Defendant, it is clear the Defendant has numerous felony convictions on his record including violent crimes such as assault on a law enforcement officer and aggravated assault with a deadly weapon. [2]  Although there is not a presumption in this case, specifically pointing to the Defendant's prior criminal offenses, this Court agrees with the Magistrate Judge's determination that the Defendant is a danger to the community.

Defense Counsel argues that the Defendant is not a risk of flight because of the extensive family connections he has to Southwest Florida.  The Government argues while the Defendant may not be a risk of flight to leave the area, he is a risk of failing to appear

---

[2] The Defendant was first arrested on November 11, 2002, for hit and run and driving without a license.  Thereafter he had numerous bench warrants issued for failure to pay fines.  On May 17, 2003, the Defendant was arrested for DUI without a valid driver's license.  On August 5, 2003, he was charged with Criminal mischief of $200-$1000, battery on a law enforcement officer, battery on a law enforcement officer with violence.  Further on May 29, 2004, he was charged with two counts of battery on a law enforcement officer, resisting without violence, and aggravated assault with a deadly weapon.  On October 18, 2007, the Defendant was charged with possession of a controlled substance, driving with a suspended license, possession of narcotic equipment, the sell, manufacture, delivery, possession with intent to sell controlled substance, and grand theft auto.  Counts four and five were subsequently dropped.  In each instance, the Defendant pled nolo contendere and received probation or served time in jail.

for court proceedings.  The Defendant has at least four bench warrants issued by the State Court for failure to appear and three violations of probation.  Clearly the Defendant has a history of failing to appear and for violating court ordered conditions attached to his probation.  Defendant's prior failures to appear and disregard of probation conditions present a strong indicator to this Court that he would also disobey this Court's orders to appear.  Further, the Defendant has no financial ties to the community and given his immigration status he cannot legally obtain work in the United States.

Additionally, the Government noted at the detention hearing that ICE has a detainer in place against the Defendant. (Doc. #22, pp. 14:21-24).  Courts have held that an ICE detainer is a factor in considering the issue of detention. U.S. v. Alverez-Lopez, 2014 WL 2563646, *4 (M.D. Fla. June 6, 2014) (citing U.S. v. Al'Sagga, 2014, WL 252035, *3 (S.D. Fla. January 7, 2014) (finding "although not presumptively determinative, the fact that a defendant has an ICE detainer is also factor to consider when evaluating the appropriateness of the pretrial detention)).  While an ICE detainer is not the only factor to consider when applying the Bail Reform Act, the Court considers and ICE detainer just as it would any other evidence presented in this case regarding the Defendant's history and characteristics.  Thus, the ICE detainer weighs in favor of detaining the Defendant. This Court finds the Defendant is a risk of flight and agrees with the Magistrate Judge's findings on this matter.

## CONCLUSION

The Court has considered the briefs of the parties, the Pretrial Services Report, the transcript of the detention hearing, and Judge McCoy's Detention Order.  For reasons stated on the record by Judge McCoy, and those enumerated above, the Court finds by

a preponderance of the evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community and assure the Defendant's presence at trial.  Thus, the Court finds the Defendant should be detained and the decision of the Magistrate Judge is affirmed.

Accordingly, it is now

**ORDERED:**

The Defendant Allan Garcia-Enriquez's Motion to Vacate (Doc. 17) is **DENIED**.

(1) The decision of Magistrate Judge McCoy detaining the Defendant is **AFFIRMED**.

(2) The Defendant Allan Garcia-Enriquez is remanded to the custody of the U.S. Marshals Service and ordered detained pending further proceedings.

**DONE AND ORDERED** at Fort Myers, Florida, this 2nd day of September, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record